IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, # 208921, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv76-TMH |
| | ) (WO) |
| CYNTHIA S. WHEELER-WHITE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed by Alabama inmate Courtney Boyd ("Boyd"). Boyd challenges his conviction for first-degree robbery entered by the Circuit Court of Montgomery County on November 18, 1999. *See* Doc. Nos. 1 and 5. That court sentenced Boyd to 20 years in prison on January 6, 2000.

**II.   DISCUSSION**

The records of this court indicate that Boyd has filed three previous petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging the robbery conviction entered against him by the Circuit Court of Montgomery County. *See Boyd v. Thomas, et al.*, Civil Action No. 2:01cv1081-WHA (M.D. Ala. 2003); *Boyd v. Mosley, et al.*, Civil Action No. 2:076cv72-MEF (M.D. Ala. 2007); and *Boyd v. Folks, et al.*, Civil Action No. 2:12cv1022-TMH (M.D. Ala. 2013). In the first of these previous habeas actions, this court denied Boyd

relief from his Montgomery County robbery conviction.  On June 24, 2003, the Eleventh Circuit Court of Appeals affirmed this court's denial of Boyd's first habeas petition.  Boyd's second and third petitions for habeas corpus relief were summarily dismissed by this court pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A) because Boyd had not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.

As indicated above, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).

It appears from the pleadings filed in this action that Boyd has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Boyd] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932,

933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Boyd be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Boyd has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that **on or before March 12, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2014.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE